IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
TOPSHELF MANAGEMENT, INC.;        )
TOPSHELF CO., LLC; TOPSHELF       )
COMPANY, LLC f/k/a SHOWTIME       )
SPORTS AND MARKETING, LLC; and    )
SHOWTIME MOTORSPORTS, INC.,       )
                                  )
          Plaintiffs,             )
                                  )       1:15cv939
     v.                           )
                                  )
CAMPBELL-EWALD COMPANY,           )
                                  )
          Defendant.              )
```

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

Plaintiffs, Topshelf Management, Inc., Topshelf Co., LLC, Topshelf Company, LLC, and Showtime Motor Sports, Inc. (collectively "Topshelf"), reprise previously dismissed claims for negligent misrepresentation, fraud, and unfair and deceptive trade practices against the Defendant, Campbell-Ewald Company ("CEC"). (Doc. 1 at 5-8.)[1] Topshelf also brings a new claim for breach of contract. (Doc. 1 at 5-8.) Before the court is CEC's motion to dismiss several claims (Doc. 5) and Topshelf's motion for relief from this court's prior order dismissing Topshelf's claims without prejudice (Doc. 9). For the reasons set forth below, CEC's motion will be granted and Topshelf's motion will be denied.

---

[1] Unless otherwise indicated, citations are to case number 1:15cv939.

## I. BACKGROUND

On October 29, 2014, Topshelf filed a complaint against CEC in State court, which was removed to this court based on diversity jurisdiction. (Doc. 1, case no. 1:14cv1013.) The complaint brought three State-law claims against CEC arising out of a business relationship: negligent misrepresentation; fraud; and unfair and deceptive trade practices. (Doc. 3, case no. 1:14cv1013.) CEC moved to dismiss the complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6) (Doc. 6, case no. 1:14cv1013), and Topshelf responded by moving to amend its complaint (Doc. 11, case no. 14cv1013). On August 3, 2015, this court found Topshelf's proposed amendment futile and granted CEC's motion to dismiss, albeit without prejudice "because the pleading failures may be curable." (Doc. 16 at 20-21, case no. 1:14cv1013.)

Three months later, on November 9, 2015, Topshelf filed the present complaint in this court. (Doc. 1.) In addition to the negligent misrepresentation, fraud, and unfair and deceptive trade practices claims asserted in its initial complaint, Topshelf alleged a claim for breach of contract. (Id. at 7-8.) On January 11, 2016, CEC answered and moved to dismiss the negligent misrepresentation, fraud, and breach of contract claims on the grounds that they are barred by a three-year

2

statute of limitations.[2]  (Docs. 5, 6.)  On February 1, 2016, Topshelf responded by moving this court to either (1) amend its August 3, 2015 order to add a savings clause extending the statute of limitations, or (2) equitably toll the limitations period.  (Docs. 9, 10 at 3-6.)  Topshelf does not contest CEC's motion to dismiss its breach of contract claim, as it was not raised until Topshelf's November 9, 2015 complaint.  (Doc. 9 at 3.)  Nor does Topshelf appear to dispute that, absent amendment or tolling, the statute of limitations on its negligent misrepresentation and fraud claims expired by the end of January 2015, six months before this court dismissed Topshelf's claims without prejudice.  (See Doc. 10.)  It asserts, instead, that extension of the limitations period is warranted because its initial complaint was timely and the court's intention was to permit it to refile.  (Id. at 3-6.)

## II. ANALYSIS

### A. Motion to Amend under Rule 60(b)

In assessing the effect of an involuntary dismissal of North Carolina State-law claims without prejudice, Federal courts sitting in diversity apply North Carolina Rule of Civil Procedure 41(b).  Haislip v. Riggs, 534 F. Supp. 95, 98 (W.D.N.C. 1981); Williams v. Cathy, No. 3:08cv65, 2008 WL

---

[2] CEC did not move to dismiss the unfair and deceptive trade practices claim, which is subject to a four-year statute of limitations.  See N.C. Gen. Stat. § 75-16.2.  (Doc. 6 at 3 n.1.)

3

2277544, at *3 (W.D.N.C. June 2, 2008).  Rule 41(b) provides a mechanism for a court to extend the statute of limitations by adding a savings clause to a dismissal without prejudice. Specifically, the rule provides: "If the court specifies that the dismissal of an action commenced within the time prescribed therefore . . . is without prejudice, it may also specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal." N.C. R. Civ. P. 41(b).  A savings clause is not presumed to have been intended, however, simply because the court dismissed the action without prejudice.  E.g., Williams, 2008 WL 2277544, at *3 ("Where a civil action has been involuntarily dismissed without prejudice, the plaintiff will not be entitled to additional time to refile where the order did not also specify that he was so entitled."); Burgess v. Equilink Corp., 652 F. Supp. 1422, 1426 (W.D.N.C. 1987) ("There is no exception in Rule 41(b) for filing beyond the limitations period for a plaintiff whose prior action was dismissed by an order and judgment which did not specify that a subsequent action may be commenced within one year."). Instead, the rule provides that if a one-year savings clause is to be provided, it must be specified in the court's order.  N.C. R. Civ. P. 41(b); Lumber Co. v. Barkley, 120 N.C. App. 271, 272, 461 S.E.2d 780, 781-82 (1995) ("The unambiguous language of Rule 41(b) permits the trial court to affirmatively specify in its

4

order that the action be refiled within a year or less. The 29 June 1992 order contains no specification whatsoever with regard to the time in which plaintiff may commence a new action based on the same claim. Accordingly, the applicable statute of limitations is controlling with regard to the time in which plaintiff was allowed to refile.").

It is well established that it is the plaintiff's burden to request a savings clause. Clark v. Velsicol Chem. Corp., 110 N.C. App. 803, 809, 431 S.E.2d 227, 230 (1993) ("If plaintiff was to take advantage of the savings provision, it was his responsibility to convince the federal courts to include in the order or opinion a statement specifying that plaintiff had an additional year to refile."); Williams, 2008 WL 2277544, at *3. Topshelf concedes that this is the rule yet, despite not requesting a savings clause until six months after the entry of this court's order, asks this court to now add one via Federal Rule of Civil Procedure 60(b). (Doc. 10 at 3-6.)

Rule 60(b) permits courts to provide a party with relief from judgment for certain reasons. Here, Topshelf principally relies on the provisions of Rule 60(b)(1) and (6).[3] (Doc. 9 at

---

[3] Plaintiff also cites Rule 60(b)(5), which permits relief where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Topshelf has not explained why this provision applies, and CEC has persuasively established that it does not. (See Doc. 13 at 3-5;

5

1.)  Subsection (b)(1) permits relief from judgment for "mistake, inadvertence, surprise, or excusable neglect," whereas subsection (b)(6) is a catchall provision that permits relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).  Motions under either provision must be made within a reasonable time.  Fed. R. Civ. P. 60(c).  Regrettably, neither justifies relief here.

A party's nescience of the law is generally insufficient to justify relief under Rule 60(b)(1).[4]  See, e.g., Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 533-35 (4th Cir. 1996) ("Rather than constituting an exceptional circumstance, the neglect at issue in this case is nothing more than inexcusable run-of-the-mill inattentiveness by counsel."); Benton v. Vinson, Elkins, Weems, & Searls, 255 F.2d 299, 301 (2d Cir. 1958) ("[I]gnorance of the Texas limitation period on the part of the appellant, an experienced lawyer, is not under the circumstances . . . the kind of 'mistake, inadvertence, surprise, or excusable neglect' contemplated by Rule 60(b).");

---

Schwartz v. United States, 976 F.2d 213, 218 (4th Cir. 1992) (citing Gibbs v. Maxwell House, 738 F.2d 1153, 1155-56 (11th Cir. 1984)).

[4] Plaintiffs have offered no argument on whether the standard set forth in Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993) or Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808 (4th Cir. 1988), should apply.  Under either standard, the length of delay in requesting a savings clause under Rule 41(b) weighs heavily against relief.  See Augusta, 843 F.2d at 811 ("In all cases, a Rule 60(b) movant must act in a timely fashion . . .").

Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 356-57 (5th Cir. 1993). A party cannot seek relief from an oversight that falls within, but is not cognizable under, subsection (b)(1) by simply resorting to subsection (b)(6), which requires a showing of "extraordinary circumstances." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 n.11 (1988); McKinzie v. United States, No. 2:11cv00157, 2012 WL 170890, at *2-3 (S.D. W. Va. Jan. 20, 2012) ("[A] movant may not invoke Rule 60(b)(6)'s broad 'any other reason that justifies relief' clause when the claim could be made under sub-sections (b)(1)-(5)."). Moreover, courts have found delays of three to four months to be unreasonable "where no valid reason is given for the delay." McKinzie, 2012 WL 170890, at *2; Cronin v. Henderson, 209 F.R.D. 370, 372 (D. Md. 2002).

The law was clear at the time of dismissal that it was Topshelf's burden to request a savings clause, had it desired one. Topshelf's failure to do so until six months after this court's order cannot be attributed to any strategic decision; Topshelf did not request a savings clause prior to this court's August 3, 2015 order, nor did it alert the court that the statute of limitations could be an issue. This, even though Plaintiffs' complaint contained no allegation of misconduct beyond January 2012. (Doc. 10 at 1.) Moreover, once the court's August 3, 2015 order was issued, it should have been

7

apparent to Topshelf that the dismissal without prejudice did not contain a savings clause. Yet Topshelf neither moved for relief under Federal Rule of Civil Procedure 59(e) nor raised the issue when filing its current complaint more than thirteen weeks later, in November 2015.[5] It was not until February 1, 2016 – six months after this court's order and following Defendant's motion to dismiss which raised the timing problem as a defense – that Topshelf first requested a savings clause. No conceivable strategy for this delay has been proffered.[6]

Accordingly, the relief Topshelf now seeks is inconsistent with the requirements for relief under Rule 60(b). Banning Co., 6 F.3d at 357 ("[A] court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the

---

[5] Topshelf instead asserted in its complaint that its claims related back to the original filing date of October 29, 2014. (Doc. 1 at 1.) Topshelf has not advanced this argument in its current arguments before the court. However, it appears that the concept of amendment would be inapposite given that Topshelf's former complaint was dismissed and its current complaint constitutes a new action with an additional cause of action. See Fed. R. Civ. P. 15. The proper question appears to be whether or not a savings clause was included and, if not, whether Topshelf is now entitled to one. (Doc. 6 at 5-8.)

[6] At times, Topshelf refers to rulings and statements the court made "from the bench." (Doc. 10 at 2.) CEC claims these rulings and statements never happened. (Doc. 13 at 6.) This court issued a memorandum opinion and order (Doc. 16, case no. 1:14cv1013), and it does not appear from the docket that any status conference or hearing was held. The court has no record or independent recollection of its intention at the time of its dismissal order regarding any savings provision and/or refiling.

8

applicable rules of court."); see also Banks v. Dement Constr. Co., 817 S.W.2d 16, 18 (Tenn. 1991) (finding trial judge abused his discretion under Tennessee Rule of Civil Procedure 60(b) by granting motion for relief where it was the trial judge's prior intention to permit plaintiff to refile his complaint). Moreover, denying the current motion will not result in an injustice, because Topshelf retains its ability to seek relief for the same alleged wrong under the rubric of its pending claim for unfair and deceptive trade practices. See Thompson, 76 F.3d at 534 (noting that "a district court should find 'excusable neglect' only in the 'extraordinary cases where injustice would otherwise result" (internal citations omitted)).

Therefore, having concluded that Topshelf has failed to demonstrate entitlement to relief under Rule 60(b), the court is constrained to deny the motion on this ground.

**B. Equitable Tolling**

In certain circumstances, equitable tolling is available to "excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations."[7]   Harris v.

---

[7] Topshelf principally relies on Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424 (1965) and Carlisle v. CSX Transp., Inc., 193 N.C. App. 509, 668 S.E.2d 98 (2008) to support its argument for equitable tolling. While these cases stand for the proposition that the Federal Employer's Liability Act, 35 Stat. 65, as amended 45 U.S.C. §§ 51-60, is subject to equitable tolling, they say nothing about the relevant North Carolina statute of limitations. Most importantly, they do not support the proposition that equitable tolling is appropriate where

9

Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Federal courts have recognized equitable tolling in two situations: (1) where the plaintiff was prevented from asserting his claims "by some kind of wrongful conduct on the part of the defendant"; and (2) where "extraordinary circumstances beyond the [plaintiff's] control made it impossible to file the claims on time." Id. at 330.

Neither situation is present here. First, there is no allegation that any wrongdoing by CEC kept Topshelf from making a timely request for a savings clause. Second, the Fourth Circuit has recognized that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstances beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." Id. at 331. As noted above, it was purely within Topshelf's control to promptly request a savings provision, but it did not. The record does not evidence extraordinary circumstances under the case law this court is bound to follow. Thus, the request for equitable tolling will be denied.

### C. Statute of Limitations

The statute of limitations is an affirmative defense that

---

the need for it is based upon a party's oversight. As noted herein, the weight of the authority is to the contrary.

10

must be proven by a defendant by a preponderance of the evidence. Stack v. Abbott Labs., Inc., 979 F. Supp. 2d 658, 664 (M.D.N.C. 2013). Therefore, this court can reach the merits of the issue at the Rule 12(b)(6) stage only "if all facts necessary to the [statute of limitations] defense 'clearly appear[] on the face of the complaint.'" Id. (alteration in original) (quoting Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)). This case presents one of the circumstances where dismissal of a claim as time-barred at the motion to dismiss stage is appropriate. See id.

The statute of limitations for fraud is three years and runs "from the discovery of the fraud or from the time it should have been discovered in the exercise of reasonable diligence." Hunter v. Guardian Life Ins. Co. of Am., 162 N.C. App. 477, 485, 593 S.E.2d 595, 601 (2004); Driggers v. Sofamore, S.N.C., 44 F. Supp. 2d 760, 765 (M.D.N.C. 1998). The statute of limitations for negligent misrepresentation is also three years and "does not accrue until two events occur: first, the claimant suffers harm because of the misrepresentation, and second, the claimant discovers the misrepresentation." Trantham v. Michael L. Martin, Inc., 228 N.C. App. 118, 126, 745 S.E.2d 327, 334 (2013).

Topshelf's negligent misrepresentation and fraud claims are based on representations by CEC's agents that CEC would contract

11

with Topshelf, either on a long term or short term basis, when the agreement between CEC and Topshelf expired in January 2012. (Doc. 1 at 2-6.) Topshelf alleges that these misrepresentations, which were "made through the end of 2011" (id. at 5), led it to believe that its business relationship with CEC would continue beyond January 2012 (id. at 6). The complaint alleges, however, that CEC terminated its business relationship with Topshelf "in or about January 2012." (Id. at 5.) As a result, Topshelf clearly would have known that CEC's promises of future contracts were false when CEC terminated its relationship in January 2012. (Id.) At that time, Topshelf suffered the injury it claims. (Id.) The facts in the complaint, therefore, establish that the statute of limitations on the negligent misrepresentation and fraud claims began to run no later than January 2012.

The three-year statute of limitations for breach of contract begins to run at the time of breach. Rothmans Tobacco Co., Ltd. v. Liggett Grp., Inc., 770 F.2d 1246, 1249 (4th Cir. 1985); Penley v. Penley, 314 N.C. 1, 20, 332 S.E.2d 51, 62 (1985). Topshelf's breach of contract claim is based on CEC's purported failure to fulfill its representations to provide a long term contract and "continue to issue purchase orders upon expiration of the last purchase order in January 2012." (Doc. 1 at 7.) To the extent these representations created a binding

12

contract, that contract was breached, if at all, in January 2012 when CEC terminated its relationship with Topshelf. (Id.) Accordingly, the facts in the complaint establish that the breach of contract claim accrued no later than January 2012.

In light of the above, CEC is correct that the statute of limitations on Topshelf's negligent misrepresentation, fraud, and breach of contract claims necessarily began to run no later than the end of January 2012. (See Doc. 6 at 4-5.) Topshelf does not contest that its breach of contract claim must be dismissed on account of the statute of limitations. (Doc. 9 at 3.) Moreover, aside from seeking equitable tolling related to a failure to seek re-filing protection under North Carolina Rule of Civil Procedure 41(b), Topshelf has made no argument as to why the statute of limitations for each challenged claim should not run from January 2012. Because this action was filed more than three years later, in November 2015, the claims for negligent misrepresentation, fraud, and breach of contract are barred by the statute of limitations.

## III. CONCLUSION

For the reasons stated, the court is constrained to deny Topshelf's motion for relief from judgment (Doc. 9) and grant CEC's motion to dismiss (Doc. 5). Consequently, Topshelf's complaint will proceed on its unfair and deceptive trade

13

practices claim, which appears in any event to seek a comparable remedy for the same alleged conduct.

IT IS THEREFORE ORDERED that Topshelf's unopposed motion to assign the current motions to the undersigned (Doc. 11) is GRANTED, Topshelf's motion for relief from judgment (Doc. 9) is DENIED, and CEC's motion to dismiss the first, second, and fourth claims for relief (Doc. 5) is GRANTED.

/s/ Thomas D. Schroeder<br>United States District Judge

August 26, 2016

14

Case 1:15-cv-00939-TDS-LPA   Document 17   Filed 08/26/16   Page 14 of 14